Opinion issued February 26, 2009








 



In The

Court of Appeals

For The

First District of Texas



____________


NO. 01-08-00307-CR

____________


TERRANCE MAURICE WHITEHEAD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court 

Harris County, Texas

Trial Court Cause No. 1076507






MEMORANDUM OPINION 

 Appellant, Terrance Maurice Whitehead, pleaded guilty without an agreed
punishment recommendation from the State, to the offense of robbery and true to the
allegations in two enhancement paragraphs that he had previously been convicted of
committing two felony offenses. The trial court deferred a finding of guilt and placed
appellant on community supervision for ten years. 

 Subsequently, the State filed a motion to adjudicate guilt. On April 15, 2008,
appellant pleaded true without an agreed punishment recommendation from the State 
to the allegations in the State's motion to adjudicate guilt. He also signed a written
stipulation of evidence, confessing to violating the terms and conditions community
supervision by failing to avoid injurious or vicious habits by using a controlled
substance. The State then presented evidence to the court of nine additional
violations of community supervision alleged in the State's motion. Following the
hearing, the trial court found appellant guilty of robbery and assessed his punishment
at confinement for 25 years. 

 Appellant's counsel on appeal has filed a brief stating that the records present 
no reversible error, that the appeals are without merit and are frivolous, and that the
appeals must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App. 1978). 

 Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of his right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel's brief, we agree that the appeals are frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005). 

 We affirm the judgments of the trial court and grant counsel's motion to
withdraw. (1) Attorney Nicole DeBorde must immediately send the notice required by
Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk
of this Court.

PER CURIAM


Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).









 

1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).